IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JAMES BOSWELL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:14-cv-0330-O |
| § | |
| TEXAS CHRISTIAN UNIVERSITY, § | |
| et al., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Boswell ("Boswell") filed this *pro se* lawsuit against Defendants Texas Christian University ("TCU"), Victor J. Boschini, Jr., Clarence Scharbauer, Robert Ginsburg, McDonald Sanders, P.C., and the Board of Trustees of TCU (collectively the "TCU Defendants"), and United States District Judge Terry R. Means ("Judge Means"). The TCU Defendants move to dismiss on grounds of res judicata and for failure to state a claim on which relief may be granted. ECF No. 6. Judge Means moves to dismiss based on his judicial immunity from this lawsuit, as well as for failure to state a claim. ECF No. 10. TCU has also moved for sanctions. ECF No. 15. Finally, Boswell moves for recusal of the undersigned. ECF Nos. 14.[1]

---

[1] Boswell filed a motion for recusal, disqualification and venue transfer on September 4, 2014 (ECF No. 14). On September 16, 2014, Boswell filed a pleading entitled "Plaintiff's Motion for Mistrial, Disqualification, and Change of Venue." *See* ECF No. 17. This latest pleading appears to be a petition for rehearing to the Fifth Circuit Court of Appeals following its dismissal of his latest appeal. *See Boswell v. Boschini, et al.*, No. 14-10170, Slip Op. at 2 (5th Cir. Sept. 3, 2014) (per curiam) (affirming dismissal by Judge Means in *Boswell v. Boschini, et al.*, Civil Action No. 4-13-cv-0208-Y (N.D. Tex. Dec. 4, 2013)). It appearing that this latest pleading was erroneously filed in this Court, it will be struck by separate order.

1

For the reasons that follow, the Court grants the TCU Defendants' motion to dismiss, grants Judge Means's motion to dismiss, denies Boswell's motion for recusal, and dismisses this case with prejudice. The Court also grants in part TCU's motion for sanctions, and will impose additional sanctions on Boswell, who has clearly shown that he is an abusive litigant.

## I. Background

This case is the latest in a series of lawsuits filed by *pro se* Plaintiff Boswell against TCU and/or its officers and other related individuals. Boswell has previously sued TCU and its officials in four prior lawsuits, all of which were dismissed. *Boswell v. Cohen, et al.*, Civil Action No. 4-98-cv-168-Y (N.D. Tex. Jan. 29, 1999) (Means, J.) (granting motion for summary judgment) ("*Boswell I*"); *Boswell v. Bush, et al.*, Civil Action No. 4-00-cv-1440-EBM, 138 F. Supp. 2d 782 (N.D. Tex. 2001) (Mahon, J.) (granting motion for judgment on the pleadings) ("*Boswell II*"); *Boswell v. Board of Trustees of Texas Christian University, et al.*, Civil Action No. 4-00-cv-1526-Y (N.D. Tex. Nov. 7, 2000) (Means, J.) (granting motion to dismiss) ("*Boswell III*"); *Boswell v. Boschini, et al.*, Civil Action No. 4-13-cv-0208-Y (N.D. Tex. Dec. 4, 2013) (Means, J.) ("*Boswell IV*") (granting motion to dismiss). Further the Fifth Circuit has imposed sanctions on at least three occasions where Boswell sought rehearing en banc following unsuccessful appeals of his prior lawsuits. *Boswell v. Cohen, et al.*, No. 99-10161 (5th Cir. March 17, 2000) (denying petition for rehearing en banc and imposing $100.00 as a sanction for filing "baseless petition"); *Boswell v. Cohen, et al.*, No. 00-10698 (5th Cir. September 11, 2001) (denying successive petition for rehearing en banc and imposing $200.00 as a sanction for filing "baseless petition"); *Boswell v. Board of Trustees of Texas Christian University, et al.*, No. 00-11360 (5th Cir. September 11, 2001) (denying petition for rehearing en banc and imposing $200.00 in sanctions for filing "baseless petition").

2

This is the fifth lawsuit filed by Boswell between 1998 and the present bringing nearly identical claims against TCU and/or its officers in connection with his time as a United States Army Reserve Officer Training Corps ("ROTC") instructor assigned to TCU in the mid-1980s, the termination of said assignment, and subsequent letters from TCU in 1987 and 2012, requesting that Boswell cease all communications with TCU, its personnel, and its cadets. *See generally Boswell II*, 138 F. Supp. 2d at 783-84. Additionally, in this lawsuit, Boswell has added "alleged co-conspirator" Judge Means as a defendant. Compl., 1, 13. Judge Means presided over three of the prior lawsuits. In this latest lawsuit, Boswell resurrects his prior allegations and attempts to bring claims for constitutional violations, discrimination based on age, gender and race, whistleblower violations, conspiracy, tortious interference with contract, and violations of the Texas Deceptive Trade Practices Act.

A summary of Boswell's prior lawsuits against TCU and/or its officers and other related individuals, although lengthy, is required to understand the need for imposition of sanctions to deter Boswell from further harassing the TCU Defendants with vexatious litigation and further clogging the court's docket with baseless lawsuits. Boswell's claims in this action can be traced back to his first lawsuit filed in 1998.

In 1998, Boswell filed his first *pro se* action pursuant to 42 U.S.C. § 1983 against TCU, the Secretary of Defense, the Secretary of the Army, Dr. William E. Tucker, Chancellor, and Michael D. McCracken, Dean. He alleged he was an employee of TCU who had been wrongfully discharged after reporting an incident of perceived sexual misconduct. Boswell alleged he was unlawfully barred from TCU's campus and from speaking to students and faculty because TCU's Board of Trustees and Chancellor would not meet with him, and because TCU's attorney wrote Boswell

informing him to cease communications with TCU. TCU Def. App. at 1-133. Judge Means granted Defendants' summary judgment motion and dismissed Boswell's claims with prejudice, finding that Boswell was never a TCU employee, and that TCU was not a state or local governmental body for purposes of 42 U.S.C. § 1983. *Boswell I*, Civil Action No. 4-98-cv-168-Y (N.D. Tex. Jan. 29, 1999). TCU Def. App. at 128-31. Boswell appealed unsuccessfully to the Fifth Circuit. *Boswell v. Cohen, et al.*, 204 F.3d 1117 (5th Cir. 1999) (unpublished). *Id.* at 143. Boswell subsequently sought rehearing. Finding his petition for rehearing "baseless," the Fifth Circuit sanctioned him in the amount of $100.00. *Boswell v. Cohen, et al.*, No. 99-10161 (5th Cir. March 17, 2000) (denying petition for rehearing en banc and imposing $100.00 as a sanction for filing "baseless petition"). TCU Def. App. at 148-49.[2] Boswell filed a petition for writ of certiorari to the Supreme Court which was denied. *Id.* at 154.

In 2000, Boswell and his daughters sued TCU and its Board of Trustees making similar claims. *Id.* at 158-260. Following removal, United States District Judge Eldon B. Mahon dismissed his claims, finding that "the original and proposed amended pleadings fail to provide the barest notice of any cause of action." *Boswell II*, 138 F. Supp. 2d at 783-84. Def App. at 278. Boswell filed two appeals regarding *Boswell II*, and both were dismissed. *Id.* at 281-84, 285-88.

Boswell and his two daughters then filed suit against TCU, Governor George Bush, and TCU's Board of Trustees. Judge Means dismissed Boswell's claims with prejudice, holding:

> [T]he Court concurs with Judge Mahon's recent assessment [in *Boswell II*] that Plaintiffs' pleadings are a morass of garbled text filled with unconnected facts and

---

[2] After Boswell filed a successive petition for rehearing in *Boswell I*, the Fifth Circuit imposed a sanction in the amount of $200.00. *See Boswell v. Cohen, et al.*, No. 00-10698 (5th Cir. September 11, 2001) (denying successive petition for rehearing en banc and imposing $200.00 as a sanction for filing "baseless petition").

4

> legalese, ambiguously referring to multiple, unrelated causes of action.
>
> * * *
>
> It is impossible for the Court to attend meaningfully to Plaintiffs' pleadings when the pleadings are unintelligible.

*Boswell III*, Civil Action No. 4-00-cv-1526-Y (N.D. Tex. Nov. 7, 2000). Def. App. at 313-14. Judge Means also found that the allegations in *Boswell III* were virtually identical to those in *Boswell I*, which had been dismissed with prejudice, and therefore dismissed the complaint as barred by the doctrine of res judicata. *Id.* at 313-14. Judge Means cautioned Boswell that he would be sanctioned if he made further attempts to litigate these same claims in this Court. *Id.* at 314. Boswell appealed unsuccessfully to the Fifth Circuit, which affirmed Judge Means's decision. *Boswell v. Board of Trustees of Texas Christian University, et al.*, 263 F.3d 162 (5th Cir. 2001) (unpublished). *Id.* at 321. Boswell subsequently sought rehearing. Finding his petition for rehearing "baseless," and citing its previous sanctions against him for filing baseless petitions for rehearing in *Boswell I*, the Fifth Circuit sanctioned him in the amount of $200.00. *Id.* at 322-23. Boswell filed a petition for writ of certiorari to the Supreme Court which was denied. *Id.* at 319.

In 2013, Boswell filed yet another lawsuit against TCU and its officers with nearly identical allegations as his prior lawsuits. Following removal, Judge Means dismissed Boswell's lawsuit, stating:

> This case involves the continued efforts of a pro se litigant to file meritless claims against Defendants. Indeed, this is Plaintiff's fourth lawsuit against Defendants and third time before this Court.
>
> * * *
>
> Undeterred, Plaintiff has filed the instant suit raising essentially the same claims that have been rejected by this Court and the Fifth Circuit on previous occasions.

5

>Accordingly, the motion to dismiss is GRANTED based on the reasons set out in Defendants' brief.

*Boswell IV*, Civil Action No. 4-13-cv-0208-Y (N.D. Tex. Dec. 4, 2013). TCU Def. App. at 484-85. Boswell thereafter appealed to the Fifth Circuit, which affirmed Judge Means's decision and dismissed the appeal. *Boswell v. Boschini, et al.*, No. 14-10170, Slip Op. at 2 (5th Cir. Sept. 3, 2014) (per curiam).

On May 9, 2014, Boswell filed the instant action against the TCU Defendants, as well as alleged co-conspirator Judge Means. Defendants have moved to dismiss, and Boswell has moved for recusal of the undersigned.

## II. Boswell's Motion for Recusal

The Court has considered Boswell's request for recusal, as well as governing law. *See* 28 U.S.C. § 455(a), (b)(1)-(b)(5); 28 U.S.C. § 144. Boswell's request is denied.

The Court acknowledges that the complaint purports to name Judge Means as a defendant. If the complaint asserted a colorable claim for relief against Judge Means, the undersigned would likely disqualify himself, and it would likely be necessary to seek appointment of a judge from another district to hear the case. *See generally* Committee on Codes of Conduct, Compendium of Selected Ethics Opinions §3.6-6[1], http://jnet.ao.dcn/Guide/Volume_2/Chapter_5/Part_One/Canon_3 (last visited on Sept. 15, 2014) ("When a judge or judicial nominee is named as a defendant and his credibility or personal or financial interests are at issue, all judges of the same district should recuse, unless the litigation is patently frivolous or judicial immunity is clearly applicable.").

That step is not needed here. Boswell's nearly incoherent complaint shows clearly only that Boswell is frustrated or disappointed by the results of other lawsuits and judicial encounters with

6

Judge Means in *Boswell I*, *Boswell III*, and *Boswell IV*. Further, as detailed below, as well as being baseless, judicial immunity is clearly applicable to bar Boswell's claims against Judge Means. In such an instance, a judge need not disqualify himself. *See, e.g., Jones v. City of Buffalo*, 867 F. Supp. 1155, 1163 (W.D.N.Y. 1995) (denying request for recusal by vexatious serial litigator, stating "this tactic of suing federal judges and then seeking their disqualification is nothing more than a tactic to delay and frustrate the orderly administration of justice. Judges should not be held hostage to this kind of tactic and automatically recuse themselves simply because they or their fellow judges on the court are named as defendants in a truly meritless lawsuit. [Section 455] has been repeatedly construed by the courts as not requiring automatic disqualification of a judge in circumstances such as this."); *Nottingham v. Acting Judges of District Court*, 2006 WL 1042761, at *1 (S.D. Ind. Mar. 24, 2006) (denying request for recusal where complaint named all acting judges on district court since "all allegations against judges of this district address actions taken in the course of presiding over other cases."); *id.* ("It does not take too long on the job before a district judge encounters complaints that name as defendants all members of the Supreme Court of the United States, all members of the regional Court of Appeals, all members of the District Court, and/or all members of the state's Supreme Court.").

      This reasoning applies to this case, and there is no need for disqualification or appointment of another judge from outside this district to handle this case, or to transfer this case to another venue. Further, the overall vexatious nature of Boswell's litigation is only further evidenced by the fact that he has updated the defendants named in his actions by including a judicial officer who happened to rule against him. *See, e.g., In re Martin-Trigona*, 9 F.3d 226, 230 (2d Cir. 1993) ("[m]aking judges defendants in a repetitive series of lawsuits whenever a judge rules against a

7

litigant is also a tactic employed by many vexatious litigants.").

In addition to filing a frivolous complaint against Judge Means which is barred by absolute judicial immunity, Boswell fails to offer any evidence of bias or prejudice of the undersigned, other than mere conjecture, which falls short of requiring recusal. *See generally IQ Prods. Co. v. Pennzoil Prods. Co.*, 305 F.3d 368, 378 (5th Cir. 2002) (in applying § 455, the court employs an objective test, finding recusal warranted "if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality.") (internal punctuation omitted).

For the foregoing reasons, Boswell's request for recusal of the undersigned is denied.

## III. The TCU Defendants' Motion to Dismiss

The TCU Defendants move to dismiss for failure to state a claim under Rule 12(b)(6) and also argue that Boswell's claims are barred by the doctrine of res judicata. The Court agrees.

### A. Dismissal for Failure to State a Claim

#### 1. Standard for Dismissal under Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* at 678–79.

    **2.**    **Discussion**

Applying the above-cited legal standard, the Court grants the TCU Defendants' motion, and dismisses this lawsuit, for failure to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 555.

Like Judge Means, this Court agrees with Judge Mahons assessment in *Boswell II* where he dismissed Boswell's claims, holding:

> Even though Plaintiffs' pleadings and amendments contain more than 140 pages of text . . . Plaintiffs' pleading fails to state why Defendants have been included in this lawsuit or the specific acts which form the basis for the potential liability of Defendants, and is replete with bald, disjointed assertions.
>
> * * *
>
> Plaintiffs have adopted what can be described as a "shot-gun" approach, reciting pages of unrelated facts combined with cryptic legalese only serving to confuse the reader. Both the original and proposed amended pleadings fail to provide the barest notice of any cause of action.

*Boswell II*, 138 F. Supp. 2d at 785-86. Similarly, in this case, the Complaint fails to state a plausible claim upon which relief may be granted, and the Court is unable to discern the grounds, if any, for Boswell's entitlement to relief.

The Court is mindful, of course, that *pro se* plaintiffs are to be held to a less stringent pleading standard. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In this case, as in the prior iterations of this lawsuit, even under this liberal standard, the Court "cannot determine the nature of Plaintiff's claims without resorting to improper speculation." *See Boswell II*, 138 F. Supp. 2d at 786.

In short, the Court will grant the TCU Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6).

### B. Res Judicata

The TCU Defendants argue that Boswell's claims are also barred by res judicata. The doctrine of res judicata bars litigation of any issue connected with a cause of action or defense that, in the use of due diligence, a party might have tried or actually did try in an earlier suit. *See Ellis v. Amex. Life Ins. Co.*, 211 F.3d 935, 938 n.1 (5th Cir. 2000). Res judicata has four elements: (1) the

parties must be the same in both cases; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same causes of action must be involved in both cases. *See Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004); *Travelers Ins. Co. v. St. Jude Hosp.*, 37 F.3d 193, 195 (5th Cir. 1994). The Fifth Circuit has adopted a "transactional test to determine whether two cases involve the same claim or cause of action." *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994). "Under this approach, the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative fact." *Id.* The TCU Defendants argue that all four elements are satisfied under the "transactional test." Having considered the previous cases filed by Boswell in this Court, and having applied the transactional test, the Court agrees that Boswell's claims are barred by the doctrine of res judicata. Therefore, the Court will grant the TCU Defendants' motion to dismiss based on res judicata for the reasons stated in the Motion to Dismiss and Brief in Support filed by the TCU Defendants on June 9, 2014. *See* ECF No. 6 at 11-14.

### IV.     Judge Means's Motion to Dismiss

Judge Means argues the complaint should be dismissed because he is immune from suit under the doctrine of judicial immunity. The United States Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). Judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Judicial immunity is complete immunity from suit and not merely protection from the ultimate assessment of damages. *Mireles*,

11

502 U.S. at 11; *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir.1994). Further, allegations of bad faith or malice do not overcome judicial immunity. *Mireles*, 502 U.S. at 11.

A plaintiff may overcome the bar of absolute judicial immunity in two limited circumstances. First, a judge is not immune for actions that are not "judicial" in nature. *Id.* Second, a judge is not immune from suit for actions that although judicial in nature, are taken in the complete absence of all jurisdiction. *Id.* at 12; *see also Malina v. Gonzalez*, 994 F.2d 1121, 1124 (5th Cir. 1993). Acts by a judge are judicial in nature when they are "normally performed by a judge" and the affected party "dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 12 (quoting *Sparkman*, 453 U.S. at 362). Where a judge has "some subject matter jurisdiction," sufficient jurisdiction exists for immunity purposes. *Ballard v. Wall*, 413 F.3d 510, 517 (5th Cir. 2005); *see also Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) (judges possess immunity for all judicial acts "not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive."). Allegations that a judge engaged in a conspiracy and committed serious procedural errors are insufficient to overcome judicial immunity. *Mitchell*, 944 F.2d at 230; *Holloway v. Walker*, 765 F.2d 517, 522 (5th Cir. 1985).

Boswell's claims against Judge Means arise from judicial actions taken in prior court proceedings. *See Boswell I*, *Boswell III*, *Boswell IV*. Boswell's dissatisfaction with Judge Means's rulings in these prior lawsuits is not a basis for any claims asserted in this lawsuit. Further, conclusory unsupported allegations that Judge Means suppressed evidence, participated in a conspiracy with the TCU Defendants, or allowed political ideology to affect his decisionmaking, are insufficient to overcome the absolute bar of judicial immunity. *See, e.g., Sparkman*, 435 U.S. at 355-56 )(absolute immunity protects judge from claims even where he is alleged to have acted corruptly);

12

*Freeze v. Griffith*, 849 F.2d 172, 174-75 (5th Cir. 1988) (holding state judge had absolute immunity from civil rights claim alleging conspiracy with district attorney, probation officer and sheriff to suppress evidence). Further, any argument by Boswell that Judge Means erred in failing to voluntarily recuse himself from *Boswell IV* is barred by the doctrine of absolute judicial immunity. *See Lewis v. City of Waxahachie*, 465 F. App'x 383, 384-85 (5th Cir. 2012).

In sum, Boswell has failed to overcome the bar of absolute judicial immunity. Specifically, he has failed to show that Judge Means's actions in the prior cases were not "judicial" in nature, or that his actions, although judicial in nature, were taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11. Accordingly, Judge Means's motion to dismiss is granted. *See generally Pierson v. Ray*, 386 U.S. 547, 554 (1967) (trial judge "should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such . . . [b]urdens . . . contribute[s] not to principled and fearless decisionmaking but to intimidation.")

Alternatively, for all the reasons previously stated by the Court in finding that Boswell failed to state a claim against the TCU Defendants, *see supra*, the Court concludes that Boswell has failed to state a claim against Judge Means.

Accordingly, the Court grants Judge Means's motion to dismiss based on judicial immunity and for failure to state a claim.

**V.      Sanctions**

The TCU Defendants also request sanctions against Boswell pursuant to Rule 11 or the Court's inherent authority, and they also seek a finding of contempt and entry of injunctive relief in view of Boswell's repeated practice of filing frivolous, baseless and harassing lawsuits against them. ECF No. 14, TCU Def. Mot. for Sanctions. The Court grants the motion.

"[D]istrict courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants." *Ruston v. Dallas County*, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (Fitzwater, C.J.). "Although the judicial system is generally accessible and open to all individuals, abuse of the process may result in actions to protect the court's ability to effectively control the numerous matters filed therein." *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

As noted, this is the fifth lawsuit that Boswell has filed against TCU and/or its officers. In this lawsuit, dissatisfied with prior judicial rulings, he also includes Judge Means as a defendant. Each prior case has been dismissed, and the Fifth Circuit has thrice sanctioned Boswell for filing baseless petitions for rehearing following unsuccessful appeals. Undeterred, Boswell continues too harass the TCU Defendants by filing specious lawsuits that require the parties to incur legal fees and place undue burdens on the limited resources of the judicial system.

Under its inherent authority and obligation to protect the orderly administration of justice, the Court will enjoin Boswell from filing any lawsuit in the Northern District of Texas unless he obtains from a district judge of this Court leave to proceed in this Court. The Clerk of Court is **directed** not to accept for filing any new lawsuit submitted by Boswell unless the new lawsuit is accompanied by written authorization to file the lawsuit by a district judge of this Court. Should any such action be inadvertently filed without leave of court, the Clerk of Court shall immediately close the lawsuit pursuant to this Order. The Clerk of Court is further **directed** not to accept any further documents for filing in this case, unless the document is related to an appeal of this case. The Court

cautions Boswell that if he continues disregarding court orders and the injunction issued today, the Court may refer this matter to the United States Attorney for the Northern District of Texas to consider prosecuting Boswell for criminal contempt of court.

Further, the Court assesses costs and attorney's fees against Boswell. The TCU Defendants' request for attorney's fees, with appropriate supporting documentation, must be filed no later than September 30, 2014.

## VI. Conclusion

"Normally, the Court in a *pro se* case is required to grant a plaintiff at least one more opportunity to plead his best case." *Taylor v. Maple Ave. Econ. Dev. Corp.*, 2002 WL 1758189, at *5 (N.D. Tex. July 26, 2002) (Fitzwater, J.). Here, however, it is clear the Boswell's action is barred by res judicata and judicial immunity, and that he has failed to state a claim despite numerous opportunities. To allow amendment "would be futile and merely prolong the case and unjustifiably burden" these defendants. *Id.* (declining to allow repleading by vexatious *pro se* complainant where suit barred by res judicata). As the record makes clear, Boswell is engaging in vexatious litigation that must be brought to a prompt end. The Court therefore declines to permit Boswell to replead.

Based on the foregoing, the Court **denies** Plaintiff's Motion for Recusal, Disqualification and Change of Venue (ECF No. 14); **grants** the TCU Defendants' Motion to Dismiss (ECF No. 6); **grants** Judge Means's Motion to Dismiss (ECF No. 10); and **grants in part** the TCU Defendants' Motion for Sanctions (ECF No. 15). Plaintiff's claims against Texas Christian University, Victor J. Boschini, Jr., Clarence Scharbauer, Robert Ginsburg, McDonald Sanders, P.C., the Board of Trustees of TCU, Secretary of Army John McHugh, and United States District Judge Terry R. Means

15

are hereby **dismissed with prejudice**.[3]  A final judgment will issue separately.  The Clerk of Court is **directed** to transmit to each district and full-time magistrate judge of the Northern District of Texas a copy of this memorandum opinion and order.

**SO ORDERED** this **16th day** of **September, 2014.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[3] Boswell has named as a defendant the Honorable John McHugh, Secretary of the Army, who has not appeared in this case.  Nor does it appear that he has been served. The Court raises *sua sponte* that Boswell has failed to state a claim against this defendant and that he is therefore entitled to dismissal of this claim under Rule 12(b)(6).  A district court has authority to consider the sufficiency of a complaint and dismiss an action *sua sponte*, as long as the procedure it employs is fair.  *Biggers v. BAC Home Loans Servicing, L.P.*, 767 F. Supp. 2d 725, 733 n.7 (N.D. Tex. 2011) (Fitzwater, C.J.).  In this instance, given Boswell's four prior unsuccessful attempts to state a claim, and the Court's findings in this decision that Boswell's claims are baseless and vexatious, the Court concludes that the procedure he has already been afforded constitutes a fair procedure.